A. J. ABBOTT & SON, INC., Plaintiff, *v.* EDWARD C. HAMIL et al., Defendants.

County Court, Schenectady County, September 11, 1962.

*Nicholas D. Morsillo* for plaintiff. *Nicholas J. Grasso* for defendants.

ARCHIBALD C. WEMPLE, J. Plaintiff performed work, labor and services in the installation of glass for which claim was made and a mechanic's lien filed in the amount of $2,576.40. The alleged contract price for the work was $2,500. An undisputed extra item amounted to $76.40. The defendants contended that the performance by the plaintiff was defective but the defendants' answer did not specifically set up such an affirmative defense. (Rules Civ. Prac., rule 92.) Therefore the basic issue herein resolves itself into one of interpretation of the negotiations between the parties as to whether and what constituted the contract, and if there was such, the value of the labor and materials furnished by the plaintiff under the employment of plaintiff by defendant contractor, Mario Osta.

A careful review of the evidence indicates that the defendant Mario Osta as contractor on the project made contact with the plaintiff in August, 1960, following which the defendant bid the entire job and commenced construction. In October, 1960, plaintiff was notified to and did commence glass installation in accordance with the plans submitted. There were variations in performance. Apparently, in the defendant's mind at least, there was no fixed price for the plaintiff's part in the whole project and, in fact, no proposal was signed by either of the parties until the middle of December, 1960. At this time defendant Osta accepted a proposal to do the work for $2,600, after which plaintiff noted on the " proposal " in handwriting a credit of $100. It is clear and convincing that at the time of signing, defendants' mind did meet that of the plaintiff in fixing the contract price at $2,500. According to the testimony, approximately 85% of the plaintiff's work was then complete. Shortly thereafter and on January 9, 1961, the lien was filed. The last item of work was performed on January 27, 1961. Strangely, the defendant contends that no demand was ever made for payment and that he had never refused to pay for the work performed by the plaintiff. But the testimony of the plaintiff discloses that a demand was made by an officer and that there was a discussion between the parties as to matters of price and time of payment. Demand certainly can be inferred from these actions and discussions. Certainly also work was performed by plaintiff for which defendant has received benefit and enrichment.

As to the sufficiency of the performance, the court herein is strongly persuaded by the testimony of the expert called by the plaintiff, one Arthur Birnbaum, a glazing contractor-estimator of Albany, New York, with 30 years' experience in estimating and superintending glass installation projects. His opinion was that the work performed by the plaintiff was " Eminently satis-

factory and typical for commercial establishments ''. There was no rebuttal of this expert testimony except the testimony of the defendant Osta himself, who testified as to *his* dissatisfaction of plaintiff's work. However, defendant Osta could hardly qualify as an expert in this particular line of construction work, nor was his complaint as to alleged faulty workmanship made in timely fashion or by proper pleading or proof.

Under the circumstances, plaintiff is entitled to a judgment adjudging its lien to be valid in the amount of $2,576.40, with interest from January 9, 1961. The defendants Hamil as principals, and the defendants Osta as sureties, are liable in the amount of $2,576.40 on the undertaking which they gave to discharge plaintiff's mechanic's lien. Plaintiff is entitled to judgment against all said defendants in said amount.